WABASH, ST. L. & P. RY. Co. *v.* CENTRAL TRUST Co. OF NEW YORK, (SHORT, Intervenor.)

*(Circuit Court, E. D. Missouri, E. D.* December 28, 1887.)

JUDGMENT—EFFECT OF—RES INTER ALIOS ACTA.

On petition of intervention for the allowance of an equitable lien upon property in the hands of receivers, prior in right to claims of mortgage bond-holders, petitioner offered no testimony save a judgment obtained by consent in a state court against the mortgagor only, on the same claim which formed the basis of the intervention. *Held,* that as the receivers were not parties to the proceeding in the state court the judgment was not admissible in evidence as against them, in so far as they represented mortgage bondholders, and that it was insufficient proof to establish a lien against the mortgaged property superior in right to the claims of mortgage bondholders.

On Exception to Master's Report.

*Jas. Dixon,* for intervenor.

*Priest & Grover,* for receivers.

THAYER, J., *(orally.)* The master's report on the intervening petition of James Short has been excepted to by the intervenor, chiefly on the ground that the master erred in admitting certain testimony. This claim was once before filed in this court, with a view of having the same allowed as an equitable charge or lien upon property lately in possession of the receivers, Messrs. Humphreys and Tutt, and a hearing was had on the same before the master. After an an adverse report on the claim had been lodged in the clerk's office, but before any action thereon had been taken by the court, the intervenor was permitted to dismiss his petition without prejudice. Thereupon the intervenor brought suit on the claim against the Wabash, St. Louis & Pacific Railroad, in the state circuit court, and by consent of parties a judgment in the sum of $8,000 appears to have been entered thereon in favor of the intervenor, and against the railway company, in February last. As the receivers of this court were not made parties to the suit, and as the sole purpose of that suit appears to have been to obtain an ordinary judgment against the railway company alone, no leave was asked of this court to prosecute the action in the state court. In June last, after judgment was obtained in the state court, a second intervening petition was filed in this court, the

object of the intervenor being, as before, to have his claim allowed as an equitable lien upon property in possession of the receivers prior in right. to the claims of mortgage bondholders. On the hearing of the last intervening petition, the master admitted in evidence in favor of the receivers the record made on the trial before him of the first intervening claim, including the evidence heard on the trial of that claim. The admission of such testimony constitutes the chief exception to the master's report; in fact, it is the only exception.

I have not thought it necessary to determine whether the master properly admitted the testimony in question, as, according to the view I have taken of the case, the intervenor himself failed to produce any legal testimony as against the receivers entitling him to have the claim allowed as an equitable lien upon property lately in their possession. No testimony was offered by the intervenor, save the record and judgment of the suit in the state court above referred to, coupled with an admission by the receivers' counsel that that suit was based upon the same cause of action which is embraced in the last intervening petition. As the railway company is a defendant in the present proceeding, as well as the receivers, the record of the suit in the state court was no doubt admissible as against the railway company, but in my judgment it was not admissible against the receivers in their capacity as representatives of the mortgage bondholders. As against the mortgage bondholders, (who are represented by the the receivers in the defense of all suits of this character to fix liens on the mortgaged property,) the judgment of the state court was not admissible to establish that the railway company was indebted to the intervenor, and certainly not to establish that the indebtedness was an equitable charge on the mortgaged property superior in dignity to the mortgage debt. This conclusion is based on the fact that the receivers were not made parties to the suit in the state court, nor was any one made a party to that suit who represented the mortgage bondholders, or who stood in privity with them, in such manner that the judgment can bind them with respect to any question therein adjudicated. If the intervenor, for any reason, considered it desirable to liquidate his demand in the state court with a view of making the judgment there obtained the basis of a future claim against the mortgaged property in the custody of this court, then his action was hostile to the interests of the mortgage bondholders; and, according to the plainest principles, the receivers, as representatives of the mortgage bondholders, should have been made parties to the proceeding in the state court, and leave to that effect should have been obtained. As they were not made parties to that suit, and as no leave was asked to make them parties, and as they took no part in that proceeding, the judgment obtained has no probative force as against the mortgage bondholders. As to them the proceeding in the state court was *res inter alios acta.* In this view of the case, it makes no difference whether the action of the master in admitting the record made on the first intervening petition was justifiable or otherwise. The intervenor made no case entitling him to an equitable lien on the mortgaged property, whether the evidence in question

was admitted or excluded. The action of the master in awarding a general unsecured allowance against the railway company on the strength of the judgment the intervenor had obtained by consent against it in the state court was all that the intervenor under the circumstances was entitled to.

The exceptions are overruled, and the report of the master confirmed.